**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**EMLYN LOUIS,**

      **Plaintiff,**

**vs.**                                               **Case No. 4:12cv48-RH/CAS**

**CORIZON HEALTH, INC.,**

      **Defendant.**

_____/


## <u>REPORT AND RECOMMENDATION</u>

After Plaintiff initiated this employment discrimination case in state court,

Defendant removed it to this Court.  Doc. 1.  Nearly simultaneous with removal,

Defendant filed a motion to dismiss for failure to state a claim.  Doc. 2.  Plaintiff, who is

pro se, filed a response to the motion to dismiss on May 2, 2012.  Doc. 17.

Plaintiff filed a pro se complaint in state court in December 23, 2011, asserting a

Title VII claim for racial discrimination (count I), and claims for retaliation (count II) under

both federal and state law.  Doc. 3-1.  Defendant contends in the motion to dismiss that

Plaintiff's Title VII claims are "barred by the doctrines of *res judicata* and/or collateral

estoppel."  Doc. 2, p. 2.  Furthermore, Defendant moves to dismiss Plaintiff's state law

claims as barred because Plaintiff filed a notice of voluntarily dismissal and did not complete his appeal of the dismissal of the claim by the Florida Commission on Human Relations.  *Id.*, at 2-4.

**Standard of Review**

In reviewing a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted, the court must consider whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that dismissal should not be ordered unless it appears beyond doubt that plaintiff could prove "no set of facts" in support of his claims which would entitle him to relief).  The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Twombly, 127 S.Ct. at 1964-65.

A court must accept the factual allegations of the complaint as true, Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct.

1827, 104 L.Ed.2d 338 (1989).  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Analysis of a motion to dismiss is generally limited to the face of the complaint and any attachments.  Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997), *citing* 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller).  "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."  Brooks, 116 F.3d at 1369, *quoting* Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *see also* Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

Defendant has attached several exhibits to the motion to dismiss, doc. 2.  Those documents are from the administrative proceedings which precipitated the filing of this case.  Because the documents are relevant, central to Plaintiff's claim, and their authenticity is not challenged, the documents may be reviewed and there is no need to convert the motion into a summary judgment motion.  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Technologies, Inc., 433 F.3d 1337, 1340 (11th Cir. 2005) (stating "a document outside the four corners of the complaint may still

be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).  Plaintiff mentioned initiating the administrative proceedings in the complaint, and consideration of those proceedings is crucial to ruling on the instant motion to dismiss.  Although Defendant submitted the extrinsic copies, Plaintiff has had full access to the copies, Plaintiff would have had his own copy of those documents, and their authenticity is not at issue.  Judicial notice may be taken of the exhibits filed with the motion to dismiss, doc. 1, under Fed. R. Evid. 201(b), and there is no need to convert the motion to dismiss into one for summary judgment in this situation.  *See* Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-77 (11th Cir. 1999).

**Procedural Background**

Plaintiff was employed by the Defendant at the Leon County Jail from December 21, 2009, until Defendant 20, 2010, as the Medical Director.  Doc. 2, at 2-3.  Defendant contends Plaintiff's employment was "terminated due to inappropriate and insubordinate behavior."  *Id.* at 3.  Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations (hereinafter "FCHR") and alleged discrimination based on race and national origin (Haitian) and retaliation.  *Id.*  On June 2, 2011, the FCHR issued a "no cause" determination and the charge was dismissed.[1]  *Id.*  Plaintiff appealed that decision by filing a Petition for Relief[2] and the parties engaged in discovery.  *Id.*

---

[1] The June 2, 2011, "no cause" determination letter was filed by Defendant as Exhibit B to the motion to dismiss.  Doc. 2-2, at 2 (Ex. B).

[2] If FCHR determines there is no reasonable cause to believe a violation took place, the claimant may request an administrative hearing as provided for in FLA. STAT. § 760.11(7).  Plaintiff's "Petition for Relief" has also been submitted with the motion. Doc. 2-3, at 2-7 (Ex. C).

Subsequently, an administrative hearing was scheduled for October 26, 2011, before the Florida Division of Administrative Hearings (hereinafter "DOAH").  *Id.*  Just prior to the hearing, however, Plaintiff filed a notice of voluntary dismissal.  *Id.*  DOAH cancelled the hearing and remanded the matter back to FCHR.  *Id.*  On October 27, 2011, the FCHR issued a Notice of Dismissal and the "no cause" determination was left intact.  *Id.*; *see also* doc. 2-6, at 2 (Ex. F).  Plaintiff then filed the instant case in state court on December 23, 2011.  *Id.*  It was subsequently removed to federal court on January 30, 2012.  Doc. 1.

Plaintiff points out that he dually filed a charge of discrimination with the FCHR and the Equal Employment Opportunity Commission (hereinafter "EEOC").  Doc. 17, at 4.[3]  Approximately one month prior to the administrative hearing, Plaintiff received a Dismissal and Notice of Rights letter from the EEOC.  *Id.*  Upon receipt, Plaintiff decided to "conserve his limited financial resources and focus on preparing the matter for litigation under federal law."  *Id.* at 4-5.  Plaintiff filed a notice of dismissal in the administrative process and initiated this action.  *Id.* at 5.  Defendant's Exhibit D is a copy of Plaintiff's notice of voluntary dismissal, dated October 24, 2011, in which Plaintiff stated that the "basis for the dismissal is petitioner has received a *Dismissal and Notice of Rights* from the U.S. Equal Employment Opportunity Commission and has decided to file a lawsuit against the respondent under federal law based on this charge."  Doc. 2-4, at 2.  Plaintiff contends the Administrative Law Judge (hereinafter "ALJ") did not dismiss the matter with prejudice as asserted by Defendant, but only closed the file and

---

[3] Attached to the motion to dismiss is Plaintiff's Charge of Discrimination, doc. 2-1, at 2, which supports Plaintiff's statement.  The charge was filed with both the EEOC and the FCHR.

relinquished jurisdiction.  *Id.*  Defendant's Exhibit E is a copy of the Order Closing File which noted the voluntary dismissal, canceled the hearing, closed the DOAH file, and relinquished jurisdiction "to the referring agency."  Doc. 2-5, at 2.  Thereafter, the FCHR issued the notice of dismissal on October 27, 2011, which dismissed the case based on Plaintiff's voluntary dismissal.  Doc. 2-6, at 2.  The notice[4] contains no language stating it was dismissed with prejudice, concluding only: "The Determination: No Cause stands."  *Id.*

**Motion to Dismiss, doc. 2**

Defendant contends that the Florida Civil Rights Act (hereinafter "the Act") requires exhaustion of administrative remedies, and precludes the filing of a civil action until those remedies are exhausted.  Doc. 2, at 6.  Because Plaintiff terminated those remedies, Defendant seeks dismissal of the state law claims brought under the Act.

Pursuant to § 760.11 of the Act, the exclusive method of obtaining review of an FCHR's "no cause" determination is to initiate a request for an administrative hearing in accordance with § 120.569 and § 120.57.  FLA. STAT. § 760.11(7).  Such a request must be made within 35 days, and the hearing will be heard by an ALJ.  *Id.*  The statute specifically provides that "If the aggrieved person does not request an administrative hearing within the 35 days, the claim will be barred."  FLA. STAT. § 760.11(7).

---

[4] Unless additional information was provided with the notice, the notice of dismissal issued by FCHR does not appear to comply with the notice requirement in § 760.11(3) that the aggrieved person be notified of the options available to him.  *See* Woodham v. Blue Cross & Blue Shield of Florida, Inc., 829 So.2d 891, 897 (Fla. 2002).  The statute requires: "When the commission determines whether or not there is reasonable cause, the commission by registered mail shall promptly notify the aggrieved person and the respondent of the reasonable cause determination, the date of such determination, and the options available under this section."

In <u>Woodham v. Blue Cross & Blue Shield of Florida, Inc.</u>, the Florida Supreme Court considered whether a determination by the EEOC that it was "unable to conclude that" an employer committed a violation would preclude the filing of a claim under the Act. <u>Woodham</u>, 829 So.2d 891, 893-95 (Fla. 2002). The Court concluded that "the FCRA differs from Title VII, its federal counterpart, in that a 'no cause' determination precludes a civil suit under the FCRA but not under Title VII." <u>Woodham</u>, 829 So.2d at 895.[5] Thus, if the FCHR makes a "reasonable cause" determination, a claim may either (1) bring a civil action or (2) request an administrative hearing. FLA. STAT. § 760.11(4). On the other hand, if a "no cause" determination is made, a claimant must, within 35 days, request an administrative hearing. FLA. STAT. § 760.11(7). As noted above, if the claimant "does not request an administrative hearing within the 35 days, the claim will be barred." Fla. Stat. § 760.11(7). A "no cause" determination precludes the filing of a civil suit under the Act. <u>Woodham</u>, 829 So.2d at 895, *cited in* <u>Hawthorne v. Baptist Hosp., Inc.</u>, No. 3:08cv154, 2008 WL 5076991, at *4-5  (N.D. Fla. Nov. 24, 2008).

The <u>Hawthorne</u> case is similar to this one in that the plaintiff had a no cause determination issued by the FCHR and thereafter filed a Petition for Relief, but then terminated that administrative review by filing a voluntary dismissal. *Id.* at *4. The ALJ then canceled the administrative hearing, closed the file and, as occurred here, the FCHR then ruled "that the original determination of 'no cause' stood as its final determination." *Id.* Therefore, because Plaintiff caused the administrative hearing

---

[5] While unnecessary to the issue presented in the instant case, the Florida Supreme Court also held that an EEOC dismissal which states that it "is unable to conclude" that a violation occurred is not the equivalent of a "no cause" determination under the Act because it makes no specific determination.  829 So.2d at 897.

process to terminate, leaving him with a determination of "no cause," Plaintiff is precluded from bringing the FCRA claims in either state court or federal court.  Ayers v. Wal–Mart Stores, Inc., 941 F.Supp. 1163, 1167 (M.D. Fla. 1996), *cited in* Santillana v. Florida State Court System, No. 6:09cv2095, 2010 WL 271433, at * 5 (M.D. Fla. 2010). Accordingly, the motion to dismiss Plaintiff's state law claims under the Florida Civil Rights Act must be granted.

Additionally, Defendant contends that Plaintiff's Title VII claims (retaliation and racial discrimination) must be dismissed as they are barred by the doctrines of res judicata and collateral estoppel.  Doc. 2, at 7.  Plaintiff argues that his claims are not barred because Title VII only requires exhaustion of a claim by filing a charge with the EEOC and receipt of a right to sue letter.  Doc. 17, at 5.

In Kremer v. Chemical Const. Corp., the United States Supreme Court held that Title VII does not repeal the application of 28 U.S.C. § 1738 which requires federal courts to give the same preclusive effect to state court judgments that the judgments would be given in the courts of the State from which the judgments emerged."  456 U.S. 461, 466-68, 102 S.Ct. 1883, 1889-90 (1982).  However, the Court explained in a footnote that:

> EEOC review of discrimination charges previously rejected by state agencies would be pointless if the federal courts were bound by such agency decisions.  *Batiste v. Furnco Constr. Corp.*, 503 F.2d 447, 450, n. 1 (CA7 1974), *cert. denied*, 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 399 (1975).  Nor is it plausible to suggest that Congress intended federal courts to be bound further by state administrative decisions than by decisions of the EEOC.  Since it is settled that decisions by the EEOC do not preclude a trial de novo in federal court, it is clear that unreviewed administrative determinations by state agencies also should not preclude such review even if such a decision were to be afforded preclusive effect in a State's own courts.  *Garner v. Giarrusso*, 571 F.2d 1330 (CA5 1978);

*Batiste v. Furnco Constr. Corp., supra*; *Cooper v. Philip Morris, Inc.*, 464 F.2d 9 (CA6 1972); *Voutsis v. Union Carbide Corp.*, 452 F.2d 889 (CA2 1971), *cert. denied*, 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117 (1972).

Kremer, 456 U.S. at 470, 102 S.Ct. at 1892, n.7; *see also* University of Tennessee v. Elliott, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) (finding that § 1738 applies to state court judgments but not unreviewed administrative determinations and no preclusive effect will be given in a subsequent Title VII action); McInnes v. California, 943 F.2d 1088, 1093-94 (9th Cir. 1991).

Defendant cites to Crapp v. City of Miami Beach, 242 F.3d 1017, 1022 (11th Cir. 2001), for the proposition that the "determination of state law employment discrimination and retaliation claims operates as res judicata for Title VII claims that arise from the same set of operative facts."  Yet the court there agreed with the Second, Third, Fourth, Seventh, Eighth and Ninth Circuits that "in a Title VII action a prior state decision enjoys issue preclusive effect only if rendered or reviewed by a court. . . .  In contrast, unreviewed administrative determinations lack preclusive effect in a subsequent Title VII action, regardless of any preclusive effect state law might accord to them."  Crapp, 242 F.3d at 1022,[6] *quoting* McInnes, 943 F.2d at 1093-94, and relying on Elliott, 478 U.S. at 796, 106 S.Ct. 3220.

Plaintiff's termination of the state administrative process did not waive his right to pursue Title VII claims in this Court.  Plaintiff exhausted his administrative remedies with

---

[6] The Eleventh Circuit cited to Rao v. Cnty. of Fairfax, Va., 108 F.3d 42, 45 (4th Cir. 1997); Roth v. Koppers Indus., Inc., 993 F.2d 1058, 1060-63 (3d Cir. 1993); McInnes v. California, 943 F.2d 1088, 1093-94 (9th Cir. 1991); DeCintio v. Westchester Cnty. Med. Ctr., 821 F.2d 111, 114-15 (2d Cir. 1987); Duggan v. Bd. of Educ., 818 F.2d 1291, 1293-95 (7th Cir. 1987); and Abramson v. Council Bluffs Cmty. Sch. Dist., 808 F.2d 1307, 1308-09 (8th Cir. 1987).

the EEOC, received a Notice of his right to sue, and he timely filed his Title VII claims within 90 days.  Because the "no cause" determination made by the FCHR is an unreviewed state agency decision and no judgment was entered by a state court, Plaintiff's Title VII claims are not barred by either res judicata or collateral estoppel.[7]

        In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 2, be **GRANTED in part** and **DENIED in part**.  Plaintiff's state law claims brought under the Florida Civil Rights Act must be **DISMISSED** pursuant to FLA. STAT. § 760.11(7), but Plaintiff's Title VII claims (retaliation and racial discrimination) are not precluded.  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

        **IN CHAMBERS** at Tallahassee, Florida, on June 27, 2012.


         S/    Charles A. Stampelos            
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**


        **<u>NOTICE TO THE PARTIES</u>**

        **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

───────────────────

        [7] Collateral estoppel does not apply in a Title VII action.  University of Tenn. v. Elliott, 478 U.S. 788, 795, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), *cited in* Thampi v. Collier Cnty. Bd. of Com'rs  510 F.Supp.2d 838, 844 (M.D. Fla. 2007).